No. 6111.—FERNÁNDEZ GONZÁLEZ, sustituída por sus herederos VÍCTOR, RAMONA Y FELÍCITA GONZÁLEZ, apldos., *v.* COSME LÓPEZ & CÍA., en liquidación, aplte.—C. D. San Juan. Enero 10, 1932.

(Por la corte, a propuesta del Juez Asociado Sr. Aldrey.)

POR CUANTO, en pleito seguido por los abogados contra la apelante fué dictada sentencia declarando con lugar la demanda con las costas a la demanda.

POR CUANTO, al ser firme esa sentencia fué presentado por los demandantes un memorándum de costas que fué impugnado por la demandada en cuanto contiene cierta cantidad de dinero por honorarios de abogado de los demanantes y también por la partida de $1.50 por los derechos del Registrador de la Propiedad por anotación de la demanda en sus libros;

POR CUANTO, la Corte de Distrito de San Juan aprobó el memorándum de costas aunque fijando los honorarios de abogado en cantidad menor que la solicitada, contra cuya resolución interpuso la demandada el presente recurso de apelación;

POR CUANTO, la apelante ha presentado su alegato alegando en apoyo de su recurso que la corte inferior erró al fijar cualquiera cantidad para honorarios de abogado porque la sentencia en que se funda el memorándum no contiene condena de pagar honorarios de abogado: y también en que el pago de la anotación de la demanda es improcedente;

Por cuanto, la parte apelada nos pide que desestimemos esa apelación por ser frívola, y hemos oído a las partes;

Por cuanto, en repetidas y estudiadas decisiones hemos resuelto que la condena en costas incluye el pago de honorarios de abogado a menos que la corte que dicta la sentencia haya excluído expresamente ese pago;

Por cuanto, el argumento de la apelante para sostener ese motivo de error es que la Corte de Circuito de Boston ha declarado en el caso de *United Porto Rican Sugar Co.* v. *Saldaña*, 41 F. (2d.) 32, que la condena en costas no comprende honorarios de abogado, pero examinado ese caso se llega a la conclusión de que dicha Corte no ha declarado tal cosa sino que no la resolvía por no estar ante ella porque no se habían tasado honorarios de abogado;

Por cuanto, por lo expuesto, ese motivo de la apelación resulta fiívolo;

Por cuanto, con referencia al error alegado por el pago impuesto de $1.50 por la anotación de la demanda en el Registro de la Propiedad, no sólo el abogado de los apelados renunció al cobro de esa partida en el acto de la vista de su moción sino que la cuestión envuelta en él es de tan poca importancia que resulta frívolo el continuar por ella este recurso;

Por tanto, desestimamos por frívola la apelación interpuesta por la demandada contra la resolución de la corte inferior de 12 de mayo de 1932.